Appeal from an order of the Supreme Court at Special Term, entered March 14, 1950, in New York County, which denied a motion by defendant for a dismissal of the complaint pursuant to subdivision 6 of rule 107 of the Rules of Civil Practice.
Per Curiam:
This is a plenary action to set aside the award in an arbitration proceeding, fixing rent under section 4 of the Commercial Rent Law (L. 1945, ch. 3, as amd.) and the order of the court confirming the award made a year and a half prior to the institution of this suit. The ground of the action is the alleged sham character of the arbitration proceeding. Section 1463 of the Civil Practice Act provides that a notice of motion to vacate an arbitration award “ must be served upon the adverse party, or his attorney, within three months after the award is filed and delivered.” While there was for some time doubt as to whether this section of the Civil Practice Act applied to arbitration proceedings under the rent law, that doubt was laid to rest by the decision of the Court of Appeals in Matter of Meidelberger (Cooper) (300 N. Y. 502) which held it applicable. The contention is now made that this provision of the Civil Practice Act does not apply to a plenary suit to vacate an arbitration award, so that a collateral attack would not be subject to the same limitation as a direct attack. We see no reason in that argument and find nothing in the decision of the Court of Appeals to suggest that a different rule would apply to an action. So to hold would render the time limitation imposed by section 1463 inapplicable to most of the grounds for vacating an award which are enumerated in section 1462. We think that the same rule should apply.
The order appealed from should be reversed, with $20 costs and disbursements to the defendant-appellant, and the motion to dismiss the complaint granted.
Peek, P. J., Glennon, Cohn, Yan Yoorhis and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted, and judgment is directed to be entered dismissing the complaint herein, with costs.